UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**JOSUE E. RODRIGUEZ-ORTIZ,**<br>**Defendant.** | Criminal No. 17-003 (ADC) |

**SENTENCING MEMORANDUM**

The United States of America, by and through its undersigned counsel, respectfully submits this sentencing memorandum seeking a variant 24-month sentence of imprisonment (an upward variance of eight months from the upper end of the Guidelines) for defendant Josue E. Rodriguez-Oritz. A variance is warranted because the drug quantity that formed the basis of the Guidelines calculation underrepresents Defendant's criminal conduct.

**I. RELEVANT BACKGROUND**

On December 27, 2016, Defendant was arrested in an apartment that contained eight cell phones, several radios, a machine for sealing baggies, a scale, a grinder with marijuana residue, a plastic bag with residue of cocaine, various chemicals regularly used to prepare illicit drugs, and 76 foils of heroin. During his conversation with federal agents, Defendant admitted the following:

- He belonged to a drug organization in the La Lorenzana housing project that sold drugs in (among other places) the parking lot.

- Shift assignments were selected by drawing lots.

1

- When he was arrested in the apartment, he had recently finished his shift and had sold all of his $10 baggies of cocaine.[1]
- Police had detained him on at least three other occasions on drug-related conduct, with the last incident occurring 1.5 months prior to his arrest in this case.[2]

On June 14, 2017, Defendant entered a straight plea of guilty to the sole count in the indictment: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (Dkt. No. 29) The Presentence Investigation Report calculated a Total Offense level of 12 and a Criminal History Category of I, resulting in a possible imprisonment range of 10 to 16 months. (Dkt. No. 35 ¶¶ 27, 31, 62)

## II. DISCUSSION: The Court Should Vary Upward from the Guidelines Because the Drug Quantity Amount Underrepresents Defendant's Criminal Conduct.

A upward variance of eight months is warranted: (1) under 18 U.S.C. § 3553(a)(1) because of "the nature and circumstances of the offense," (2) under 3553(a)(2)(A) because of the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) under 3553(a)(2)(B) "to afford adequate deterrence to criminal conduct."

In calculating the drug quantity in this case, U.S. Probation used the quantities of drugs recovered in the apartment: heroin, clonazepam and marijuana. (Dkt. No. 35 ¶ 19) Although Defendant admitted during his interrogation that he had just sold baggies of cocaine and Defendant pled guilty to possessing cocaine with the intent to distribute, cocaine was not factored into Probation's calculation because only a residual amount of cocaine was recovered in the apartment.

---

[1] Defendant did not state how many baggies he had sold or the weight of each baggie.
[2] The PSR indicates that Defendant has not been previously convicted of any crimes.

2

*Id.* ¶ 11. Consequently, although Defendant is being sentenced for possession with intent to distribute cocaine, his Guidelines sentence is based solely on other drugs.

While the Government does not know the weight of all cocaine that Defendant possessed with intent to distribute, the weight used in Probation's calculation—0 grams of cocaine—is under-representative. Defendant admitted the following: (1) ) he has had no (legal) job since 2014 (Dkt. No. 35 ¶ 55); (2) he has been a member of a drug organization (and provided details regarding that organization's shifts that suggested more than a passing familiarity); (3) he completely sold out of his baggies of cocaine that night; and (4) he has had frequent (at least three) run-ins with police regarding drugs, with the last one having been just 1.5 months prior to his arrest in this case. These facts support a modest variance of eight months to reflect the extent of Defendant's illicit drug activity. *Cf. U.S. v. Davis,* 562 Fed. Appx. 818, 820 (11th Cir. 2014) (upholding upward variance where defendant's "case was an 'incomplete snapshot' of his involvement in the drug conspiracy"). The fact that Defendant was a successful drug dealer who sold out of his cocaine (and therefore only had a residual amount in the apartment) should not benefit him. Otherwise, a successful drug trafficker would be punished less harshly than an unsuccessful one who had more drugs left over at the end of his shift.

## III. CONCLUSION

For the foregoing reasons, the United States recommends that this Court sentence defendant Rodriguez-Ortiz- to serve a variant 24-month term of imprisonment.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of October 2017.

        ROSA EMILIA RODRIGUEZ VELEZ
        UNITED STATES ATTORNEY

        *s/ Jonathan Gottfried*
        Jonathan Gottfried, U.S.D.C.-PR G02510
        Assistant United States Attorney
        United States Attorney's Office
        Torre Chardon, Suite 1201
        350 Carlos Chardon Ave.
        San Juan, PR 00918

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        *s/ Jonathan Gottfried*
        Jonathan Gottfried
        Assistant United States Attorney