IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.  CRIM. NO. 17-003-1 (ADC)

**JOSUE E. RODRIGUEZ ORTIZ,**
Defendant.

**SENTENCING MEMORANDUM**

TO THE HONORABLE AIDA M. DELGADO-COLON
CHIEF UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

Josue *Rodriguez Ortiz* respectfully submits this sentencing memorandum in support of his position for sentencing. The United States Probation Office calculated his total offense level at 12, thus establishing his sentencing guideline range of *10 to 16* months.

Mr. Rodriguez humbly requests that the court evaluate all 18 U.S.C. §3553 factors in determining an adequate sentence below the guideline range.

### Discretion of the Sentencing Court

As a result of Booker/Fanfan[1] and Gall/Kimbrough[2], trial courts are no longer required to impose a sentence "within the ranges" provided in the United States Sentencing Guidelines. These United States Supreme Court decisions have given District Court Judges the ability to fashion a sentence that he or she feels is appropriate for each specific defendant.

---

[1] 543 U.S. 220(2005)
[2] 552 U.S. 38(2007); 552 U.S. 85(2007)

## Mr. Rodriguez's Characteristics

Josué is a 28-year-old U.S. citizen born in Caguas, Puerto Rico. He was raised in a poor socio-economic home where the family endured financial hardship.

At the age of two, Josué was left unattended in the balcony of his mother's second floor apartment and fell, landing on top of a woman who was standing on the street in front of the building at that moment. Rodriguez suffered injuries to his face and nose. He spent approximately one week at the hospital receiving medical treatment.

After repeating the first, sixth, and eighth grades[3], Josué finally obtained his high school diploma attending night school. He currently wishes to further his education in physical therapy.

Josué's parents separated when he was 12 because of his father's alcoholism and mental health problems. He recalls his father being verbally abusive towards him and his family members. Josué learned at a young age that he did not want to be like his father.

Josué enjoyed playing organized baseball and was an accomplished player during his formative years.

At home, Josué is best described as a well-behaved child, who rarely required punishment. As an adult, he was always reserved, quiet and incapable of harming anyone, and would have no problem continuing to do so. His partner, Ms. Avilés, described Josué as a soft-spoken, passive and humble individual. Mrs. Avilés, knowing well Josué, expressed that she is confident that the defendant will not engage in new criminal conduct after this ordeal.

---

[3] Defendant repeated the first-grade due to lack of reading and speech skills; the sixth grade for poor performance and the eighth grade for poor performance and medical reasons.

He has frequent contact and good family relations with his mother and siblings, but limited contact with his father. He maintains a close relationship with his mother and siblings, who have remained supportive throughout his legal process.

Josué is not affiliated to any gangs and only considers his siblings as his close friends.

As to drug use, Josué began using marijuana due to peer pressure.

Josué is remorseful for his actions. This case impacted him emotionally hard and assures he has learned his lesson.

**Sentencing Request**

This Court should "consider every convicted person as an individual and every case as a unique study in the human failings[.]"[4] Rodriguez knows he erred and knows that a sentence of incarceration must be served. Nevertheless, he humbly requests this Court to consider his failings in the context of his individual history and with the knowledge that he has the support of his family to help him succeed when he is released. For all of the above reasons, it is respectfully requested that the Court sentence Rodriguez to a below guideline sentence.

Respectfully Submitted, In San Juan, Puerto Rico this 20th day of November, 2017.

*s/DAVID RAMOS PAGAN*
DAVID RAMOS PAGAN

---

[4] Brennan Center for Justice, What Caused the Crime Decline? Available at: https://www.brennancenter.org/publication/what-caused-crime-decline (last viewed on 11/20/2017); Daniel S. Nagin, Deterrence in the Twenty-First Century, 42 Crime & Justice 199, 201 (2013).

## CERTIFICATE OF SERVICE

**I hereby certify** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to: US Attorney's Office.

Respectfully Submitted

                                            **S/DAVID RAMOS PAGÁN**
                                            DAVID RAMOS-PAGÁN
                                            USDC PR Bar No. 214701
                                            Attorney for Defendant
                                            Urb. El Valle Los Prados
                                            372 Yagrumo St.
                                            Caguas, PR 00727-3234
                                            Tel: (787)423-3114
                                            Email: somar2000us@yahoo.com